[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Town of Glastonbury moves to dismiss the complaint in this action for lack of subject matter jurisdiction based upon the plaintiff's having no standing to bring the action and the plaintiff's having failed to exhaust their administrative remedies.
In the complaint the plaintiff's seek a temporary and permanent injunction to halt tax sale of approximately 60 acres of land in Glastonbury by reason of the failure of the owners to pay taxes thereon. The property in question is owned by two entities: a corporation known as PDPA, Inc. and Applewood Estates, Inc. The plaintiff's are two individuals who purport to sue in the following capacities: The plaintiff Ahmed Dadi, sues in his capacity as a guarantor of a note between PDPA, Inc. and a developer who has an agreement with PDPA, Inc. to develop a portion of the property, and also that he has entered into an agreement to provide engineering services to develop a portion of the property. The plaintiff Patricia McKenna, Mr. Dadi's wife, alleges to be a co-owner of a portion of the property with PDPA, Inc. but the complaint alleges that title of that portion of the property is owned by PDPA, Inc. The court infers that she is the sole stockholder of PDPA, Inc. although that is not expressly stated. Plaintiff's claim they have the right to sue as real parties in interest pursuant to Section 923 of the Connecticut Practice Book.
The complaint is in ten counts. Counts one, two, three, four, seven, and eight challenge the assessment of taxes on the property, claiming that the assessments are too high, or the methodology for the assessments is inequitable, or that the apportioning of the land for the assessments was improper. Count five claims that the Glastonbury Planning and Zoning Commission. wrongfully denied the request for an extension of time to complete the subdivision in January 1997. Count ten appears to allege that the Town's action in assessing the property discriminated against the plaintiff's in violation of the State and Federal Constitution. Count nine claims that defendant violated Connecticut General Statutes Section12-119 (relating to wrongful assessment of property) and count ten alleges that Glastonbury's actions constituted "racketeering activity", in violation of Connecticut General Statutes § 53-394.
The plaintiff's motion for temporary injunction was denied by this court (Bryant, J.) on November 30, 2001.
All of the alleged wrongful acts of the defendant Town of Glastonbury relate to the subject property. The causes of action alleged are all premised on plaintiff's being owners of the property or tax payers. The complaint clearly states the property is owned by the two corporations mentioned above and plaintiff and plaintiff McKenna's counsel conceded CT Page 6429 that fact at argument. The individual plaintiff's may be stockholders of said corporations, or guarantors of certain notes of the corporation, or have entered into an agreement to provide engineering services to develop this property. None of these relationships give them standing to pursue the claims asserted against the Town of Glastonbury. Nor are they real parties in interest within the meaning of Practice Book Section 9-23.
On the ground of the plaintiffs' lack of standing, this motion to dismiss this action for lack of subject matter jurisdiction is granted.
Robert Satter Judge Trial Referee